# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HAILEY DAVIS,

          Plaintiff,

          v.                                    Case No. 26-4002-EFM-BGS

JUDY KIM,

          Defendant.

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Hailey Davis filed this action pro se[1].  In conjunction with her federal court complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP").  Doc. 2.  After review of Plaintiff's complaint, however, the Court **recommends** to the District Court that Plaintiff's claims against Defendant be **dismissed** for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

## I.    Standard of Review for IFP Complaints

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2).  The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v.*

---

[1] Plaintiff proceeds pro se.  The Court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

*Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In addition, the court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd*, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all

reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested. Fed. R. Civ. P. 8(a).

Because the court will liberally construe the pleadings of a pro se plaintiff, the court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The court cannot, however, become an advocate for the pro se plaintiff. *Id.*

A pro se plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the pro se plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.    Plaintiff's Claims and Factual Allegations

The following facts come from Plaintiff's Complaint. *See generally* Doc. 1. For § 1915 screening purposes, the Court accepts the Plaintiff's allegations as true and construes all reasonable inferences drawn from those allegations in the light most favorable to the Plaintiff. *See Kay*, 500 F.3d at 1217-18.

Plaintiff Hailey Davis, proceeding pro se, initiated this action on January 5, 2026, by filing a one-page complaint. Doc. 1. Plaintiff names Judy Kim as the sole Defendant. The complaint does not identify Defendant's occupation, relationship to Plaintiff, or connection to any governmental entity, nor does it describe the context in which the alleged conduct occurred.

The complaint contains four numbered statements. First, Plaintiff alleges Defendant engaged in an *ex parte* communication with an unidentified individual on October 14, 2022. The complaint does not identify the individual involved, the forum in which the alleged communication occurred, or the subject matter of the communication.

Second, Plaintiff alleges that Defendant "conspired with [an] individual in violation of due process." The complaint does not describe the nature of the alleged conspiracy, the actions taken by Defendant or any other person, the legal proceeding or government action to which the alleged due-process violation relates, or how Plaintiff was allegedly harmed.

4

Third, Plaintiff asserts that "[t]his Court has jurisdiction under the federal law," but does not cite any federal statute, constitutional provision, or other basis for federal jurisdiction. The complaint does not identify any specific cause of action, nor does it allege facts indicating that Defendant acted under color of state law or that the dispute otherwise arises under federal law. Plaintiff demands a jury trial and seeks monetary compensation in the amount of $1,000,000.

For the reasons stated below, the undersigned **recommends** that Plaintiff's claims be **dismissed** because the Court lacks subject-matter jurisdiction and the complaint fails to state a claim upon which relief can be granted.

## III.    Analysis

As a threshold matter, the Court must determine whether it has subject-matter jurisdiction over this action. Although Plaintiff invokes federal law and alleges a violation of due process, the complaint contains no facts establishing federal-question or diversity jurisdiction. Even assuming jurisdiction existed, the complaint would still be subject to dismissal because it fails to comply with Federal Rule of Civil Procedure 8 and does not allege facts sufficient to state a plausible claim for relief. The Court addresses these deficiencies in turn.

### A.    This Court has no Subject Matter Jurisdiction over Plaintiff's Claims.

The party seeking to invoke federal subject-matter jurisdiction bears the burden of establishing that jurisdiction is proper. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994)). Mere conclusory allegations of jurisdiction are insufficient. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The basis for jurisdiction "must appear on the face of a plaintiff's well-pleaded complaint." *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Thus, "[t]he complaint must identify the statutory or constitutional provision under

which the claim arises and allege sufficient facts to show that the case is one arising under federal law." *Id.*

Here, Plaintiff does not establish federal-question jurisdiction under 28 U.S.C. § 1331. Although Plaintiff asserts that this Court has jurisdiction "under the federal law" and references "due process," the complaint does not identify any federal statute or constitutional provision that provides a cause of action, nor does it allege facts showing that Defendant acted under color of state law. Instead, Plaintiff offers only conclusory allegations that Defendant engaged in an *ex parte* communication and "conspired" with an unidentified individual. These assertions, without more, are insufficient to invoke federal jurisdiction. *See Payn v. Kelley*, 702 F. App'x 730, 773 (10th Cir. 2017) (affirming dismissal for lack of subject-matter jurisdiction when plaintiff did not state any "colorable claim arising under federal law."). Nor does Plaintiff invoke diversity jurisdiction under 28 U.S.C. § 1332. The complaint does not allege the citizenship of either party or facts establishing complete diversity. *See* 28 U.S.C. § 1332(a) (requiring plaintiff and defendant to be citizens of different states).

Because Plaintiff has not pleaded facts demonstrating either federal-question or diversity jurisdiction, the undersigned **recommends** to the District Judge that Plaintiff's complaint be **dismissed** for lack of subject matter jurisdiction.

### B.  Plaintiff's complaint fails to state a claim upon which relief can be granted

Even if the Court were to assume subject-matter jurisdiction, dismissal would still be warranted because the complaint fails to state a claim on which relief may be granted. To survive screening under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must include sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Kay*, 500 F.3d at 1217-18. Although the Court construes a pro se litigant's pleadings liberally, a plaintiff must still allege facts supporting a recognized cause of action. *See id.*

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe*, 38 F.App'x at 515. Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).

Here, the Plaintiff's pleading falls well short of that standard. Plaintiff's complaint offers only conclusory allegations without any supporting factual content. The complaint asserts that Defendant had an *ex parte* communication with an unidentified individual on October 14, 2022, and that Defendant "conspired" with an individual "in violation of due process."[2] But Plaintiff does not identify the forum in which the alleged *ex parte* communication occurred, the subject of the communication, the relationship between the participants, or any act taken as part of the alleged conspiracy. Nor does Plaintiff allege facts showing how these events resulted in a deprivation of a legally protected right or caused any cognizable injury. These bare assertions are precisely the type of labels and conclusions that do not satisfy the *Twombly/Iqbal* standard. *Monroe*, 38 F.App'x at 515.

The complaint also fails to provide fair notice of any recognized claims. Plaintiff does not identify any legal claim beyond a generalized reference to "due process," and the pleading does not allege facts establishing the essential elements of any claim for relief. In particular, to the extent Plaintiff intends to assert a constitutional due-process claim, the complaint does not allege facts showing state action or any governmental conduct attributable to Defendant, who is sued as a private individual. *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) (stating that due process claims under the Fifth Amendment do not apply to private actors); *Gray v. Univ. of Colorado Hosp.*

---

[2] The Court also notes potential statute-of-limitations issues. However, because Plaintiff has not identified any cognizable claim, the more appropriate course is to recommend dismissal for failure to state a claim.

*Auth.*, 672 F.3d 909, 927-28 (10th Cir. 2012) (stating same as to Fourteenth Amendment). Moreover, Plaintiff does not allege that she was denied notice or an opportunity to be heard, nor does she identify any proceeding in which due process protections would apply. In short, the complaint does not allege facts plausibly entitling her to relief.

The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's claims be **dismissed** for failure to state a claim on which relief may be granted.

## IV.    Conclusion

For the reasons explained above, the Magistrate Judge **recommends** that the District Judge **dismiss** Plaintiff's claims for lack of subject-matter jurisdiction and because Plaintiff's complaint does not state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)**.**

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's complaint (Doc. 1) be **DISMISSED** for lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated January 14, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson

United States Magistrate Judge